IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02880-GPG

DEAN CARBAJAL,

    Applicant,

v.

RANDY LYNN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Dean Carbajal, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Carbajal has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 or Writ of Error Coram Nobis Pursuant to 28 USC § 1651" (ECF No. 1) (the "Application") and a "Supplement to Mr. Carbajal's Application for a Writ of Habeas Corpus Pursuant to 28 USC § 2254 or Writ of Error Coram Nobis Pursuant to 28 USC § 1651" (ECF No. 4). Mr. Carbajal asserts one claim for relief arguing that he was convicted in Montrose County District Court case number 00CR204 in violation of his constitutional right to due process.

    On October 29, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response that addresses the jurisdictional question of whether Mr. Carbajal is in custody for the purposes of the conviction he is challenging as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise

those defenses in this action.  On December 23, 2014, Respondents filed a corrected Pre-Answer Response (ECF No. 21) arguing that the Application is untimely and that Mr. Carbajal has not exhausted state remedies for a federal constitutional claim.  With respect to the jurisdictional question, Respondents contend that Mr. Carbajal's claim of current custody arguably is insufficient.  On February 5, 2015, Mr. Carbajal filed "Plaintiff Dean Carbajal's Response to State's Pre Answer Response" (ECF No. 24).  On February 6, 2015, Mr. Carbajal filed a motion to amend (ECF No. 25) seeking to amend page 2 of the Application.  On February 13, 2015, Respondents filed a "Response in Opposition to Motion to Correct Page Two of Application for Writ of Habeas Corpus" (ECF No. 26) and on March 4, 2015, Mr. Carbajal filed a reply (ECF No. 27).  The motion to amend will be granted.

The Court must construe the Application and other papers filed by Mr. Carbajal liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed for lack of jurisdiction.

The following description of the relevant factual history is taken from the order of the Montrose County District Court denying a petition for writ of habeas corpus filed by Mr. Carbajal:

> In 2001 [Mr. Carbajal] had six different felony cases pending in three counties of the Seventh Judicial District, Delta, Montrose and San Miguel.  As part of a consolidated plea bargain, he entered Alford pleas on August 30, 2001 to Possession of a Schedule II Controlled Substance and Violation of Bail Bond Conditions in the Montrose case, 2000CR204; and Sexual Assault in the Second Degree in

> the Delta case, 99CR96. Mr. Carbajal was sentenced to four
> years in the Department of Corrections on the Montrose
> case 2000CR204: three years on the Possession charge;
> and one year consecutive on the Violation of Bond charge.
> He was also sentenced to four years on deferred judgment
> and sentence (DJS) consecutive to the Montrose case on
> the Delta case 99CR96. The defendant was released from
> his DOC sentence in 2000CR204 on July 26, 2004 and his
> three year period of parole began.

(ECF No. 4 at 21.) Mr. Carbajal concedes that his sentence in Montrose case number 00CR204 has expired and that he no longer is serving that sentence. (*See* ECF No. 1 at 1; ECF No. 24 at 4-5; ECF No. 25 at 3.) However, he contends that his sentence in Montrose case number 00CR204 was used to enhance the prison sentences he currently is serving as a result of his convictions in Denver District Court case number 10CR3824. Respondents agree that Mr. Carbajal currently is serving sentences imposed in Denver case number 10CR3824 and that his conviction in Montrose case number 00CR204 was used to enhance the sentences imposed in Denver case number 10CR3824.

The instant action was commenced on October 22, 2014. Mr. Carbajal claims he was convicted in Montrose case number 00CR204 in violation of his constitutional right to due process because his guilty plea was accepted by the Delta County District Court rather than the Montrose County District Court. According to Mr. Carbajal, the Delta County District Court lacked jurisdiction to accept his guilty plea and enter judgment because the formal charging document in Montrose case number 00CR204 was filed in the Montrose County District Court. As relief Mr. Carbajal asks that his conviction in Montrose case number 00CR204 be vacated.

The first question the Court must address is whether the Court has jurisdiction to

consider Mr. Carbajal's due process claim.  The Court has jurisdiction to entertain an application for habeas corpus relief pursuant to § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a); *see also McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009) ("Section 2254's in-custody requirement is jurisdictional.").  Furthermore, a prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed.  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  It is Mr. Carbajal's burden to establish that the custody requirement is satisfied.  *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that a defendant filing a motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

As noted above, Respondents contend that Mr. Carbajal's claim of current custody arguably is insufficient.  Mr. Carbajal counters that the Court has jurisdiction to consider his due process claim because he actually is challenging his sentences in Denver case number 10CR3824 that were enhanced as a result of his conviction in Montrose case number 00CR204.

The fact that Mr. Carbajal's conviction in Montrose case number 00CR204 was used to enhance the sentences imposed in Denver case number 10CR3824 does not demonstrate Mr. Carbajal is in custody with respect to his expired sentence in Montrose case number 00CR204.  *See Maleng*, 490 U.S. at 491 ("In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a

subsequent conviction. We think that this interpretation stretches the language 'in custody' too far."); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001). However, Respondents concede, and the Court agrees, that Mr. Carbajal can satisfy the "in-custody" requirement if the Application is construed as challenging his enhanced sentences in Denver case number 10CR3824. *See Lackawanna*, 532 U.S. at 401-02.

The Court does not construe the Application as challenging Mr. Carbajal's enhanced sentences in Denver case number 10CR3824 for two reasons. First, Mr. Carbajal indicates clearly in the Application, even as amended, that the conviction he is challenging in this habeas corpus action is his conviction in Montrose case number 00CR204. (*See* ECF No. 1 at 2; ECF No. 25 at 3.) Second, and more importantly, Mr. Carbajal has filed a separate habeas corpus application directly challenging the validity of his convictions and sentences in Denver case number 10CR3824. *See Carbajal v. Lynn*, No. 14-cv-02926-GPG (D. Colo. filed Oct. 28, 2014). If Mr. Carbajal wants to pursue a federal constitutional claim challenging the sentences imposed in Denver case 10CR3824, the claim should be raised in conjunction with his other claims challenging his convictions in Denver case number 10CR3824. He may not challenge the validity of the same state court convictions and sentences simultaneously in two separate habeas corpus actions. Therefore, the Court construes the Application as challenging Mr. Carbajal's conviction in Montrose case number 00CR204. Because Mr. Carbajal is not in custody with respect to Montrose case number 00CR204, the Court lacks jurisdiction to consider the due process claim in the Application.

Finally, Mr. Carbajal argues that the Court has jurisdiction to consider his due process claim challenging the validity of his conviction in Montrose case number

00CR204 pursuant to 28 U.S.C. § 1651 if the Application is construed as a petition for a writ of coram nobis. The Court does not agree. "It has long been settled in this circuit that federal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments." *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013). Therefore, even if the Application were construed as a petition for writ of coram nobis, the Court still lacks jurisdiction.

For these reasons, the action will be dismissed for lack of jurisdiction. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Applicant's motion to amend (ECF No. 25) is GRANTED. It is

FURTHER ORDERED that the Application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  9th  day of    March       , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court